UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 12-cv-12334-IT * |
| SPENCER PHARMACEUTICAL INC., et al., | * * * |
| Defendants. | * |

ORDER

July 11, 2014

TALWANI, D.J.

    A court "may request an attorney to represent any person unable to afford counsel."[1] There is no mandate, however, that a court do so, because a civil party lacks a constitutional right to free counsel.[2] In determining whether to request counsel, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights.[3] To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[4] Moreover, the party

---

[1] 28 U.S.C. § 1915(e)(1).

[2] See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

[3] See id.

[4] See id. at 24.

seeking appointment of counsel must be an individual and not a corporation.[5]

Here, Defendant Jean-Francois Amyot appears to be seeking appointment of counsel both on his own behalf and on behalf of corporate Defendants IAB Media Inc. ("IAB Media") and Hilbroy Advisory Inc. ("Hilbroy").[6] To the extent that Amyot purports to represent IAB Media and Hilbroy, he shows flagrant disregard for this court's previous orders, both written[7] and verbal, that made clear that corporations must be represented by licensed counsel.[8]

To the extent that Amyot seeks appointment of counsel for himself, he has failed to provide information, let alone the detailed information required, regarding his alleged indigence. Such proof of indigence is a threshold requirement before this court would request an attorney on behalf of a party.[9]

Even if Amyot were able to prove his indigence, however, he has made no showing of "exceptional circumstances"[10] entitling him to appointment of counsel. He has asserted only that he is unable to litigate this case due to its complexity but offers no statements as to the merits of the case.

---

[5] See, e.g., FDM Mfg. Co. v. Scottsdale Ins. Co., 855 F.2d 213 (5th Cir. 1988) (holding that a corporation is not a "person" within the meaning of the in forma pauperis statute).

[6] See Mot. Requesting Appointment Counsel, 1 [#85] ("I, Jean-Francois Amyot, on behalf of myself as well as defendants, Hilbroy Advisory and IAB Media do hereby swear that *we* are unable to pay the costs of said proceeding or give security therefore, that *we* believe *we* are entitled to redress, and that *we* are unable to litigate this case on *our* own behalf [sic] . . . ." (emphases added)).

[7] See Order ¶ 2 [#79]; Order, 2, 3 [#83].

[8] See, e.g., In re Las Colinas Dev. Corp. v. Walter E. Heller & Co. of P.R., 585 F.2d 7, 11 (1st Cir. 1978).

[9] See 28 U.S.C. § 1915(e)(1); DesRosiers, 949 F.2d at 23.

[10] DesRosiers, 949 F.2d at 23.

For these reasons, this court determines that this case does not present exceptional circumstances that would justify requesting pro bono counsel for Defendant Jean-Francois Amyot. Amyot's Motion Requesting Appointment of Counsel [#85] is therefore DENIED.

IT IS SO ORDERED.

Date: July 11, 2014 /s/ Indira Talwani
United States District Judge