UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 12-cv-12334-IT |
| SPENCER PHARMACEUTICAL INC., et al., | * * * | |
| Defendants. | * | |

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT AMYOT

August 19, 2014

TALWANI, D.J.

Defendant Jean-Francois Amyot ("Amyot") has failed to appear for his properly noticed deposition, and Plaintiff Securities and Exchange Commission (the "SEC") now seeks entry of default judgment against Amyot. Although the court would be acting well within its discretion to enter default judgment at this time, in a final effort to allow a resolution of this case on the merits, the SEC shall renotice Amyot's deposition for a date within twenty-eight days of this order. Amyot is hereby ordered to appear for his deposition at said date. The court denies the SEC's motion for entry of default judgment against Amyot, without prejudice to the SEC renewing such motion in the event that Amyot again fails to appear at his deposition and including at that time a request for fees and costs incurred in connection with both motions.

I. Background

This action began in December 2012. On March 27, 2014, the SEC noticed Amyot's deposition to take place in Montreal on May 27, 2014. Pl.'s Notice Dep. Def. Jean-François

Amyot [#89-1]. On May 29, 2014, the SEC renoticed the deposition for June 25, 2014. Pl.'s Notice Dep. Def. Jean-François Amyot [#89-2]. Amyot does not dispute that he had notice of the deposition.

At the time the depositions were noticed, Amyot and defendants Hilbroy Advisory Inc. ("Hilbroy") and IAB Media Inc. ("IAB Media") (collectively, the "Amyot defendants"), were represented by counsel. At no time did counsel for the Amyot defendants seek any protective order concerning Amyot's deposition.

After counsel for the Amyot defendants were granted leave to withdraw, the SEC and Amyot requested an emergency status conference based on Amyot's request that his deposition be postponed pending a search for new counsel for the corporate defendants Hilbroy and IAB Media. Emergency Mot. Status Conference [#80]. The court held the emergency status conference on June 23, 2014. Amyot participated by telephone. This court denied Amyot's request for a stay. See Order, 2 [#83].[1]

The following evening, on June 24, 2014, Amyot sent the SEC an e-mail stating "I will not be present at the depositions this week and I will not participate in any proceedings unless I, Hilbroy Advisory and IAB Media are provided with counsel to assure our defense and a fair trial." Notice Regarding Def. Amyot's Mot. Requesting Appointment Counsel, Ex. C, at 2 [#84]. SEC's counsel responded by e-mail to Amyot that if he did not appear for the deposition, the SEC "reserve[d] the right to seek discovery sanctions against [Amyot] pursuant to Federal

---

[1] The court noted that in seeking leave to withdraw as counsel, with the consent of their counsel, Defendants' former counsel had not sought to reschedule the depositions. Order, 1–2 [#83]. The court noted further that Amyot did not have standing to seek a delay on behalf of IAB Media and Hilbroy, and that these parties had long been advised that corporate defendants may not appear without counsel. Id. at 2. Finally, to ensure no possibility of prejudice to the corporate defendants, the court ordered that all objections that could have been raised by the corporate defendants through counsel at such depositions were preserved. Id.

Rule of Civil Procedure 37, which include the potential sanctions of a default judgment and contempt of court." Id. at 1.  The same evening Amyot responded by e-mail that "we will be able to request in due time whether or not in am found I. Contempt [sic] or have a default judgment entered against me."  Id.

On June 25, 2014, Amyot did not appear at his deposition and instead filed a motion requesting appointment of counsel.  See Mot. Requesting Appointment Counsel [#85].  Amyot argued that because of Ancillary Procedures in Canada, the deposition in this action would violate his Fifth Amendment rights and have a prejudicial impact on the Ancillary Procedures, and, moreover, that because of the potential for imprisonment, he had a right to the appointment of counsel under the Sixth and Fourteenth Amendments.  Id. at 1–2.  This court denied Amyot's request for counsel, finding that Amyot had failed to provide proof as to his alleged indigence.  Order, 2 [#87].  The court noted further that Amyot had made no showing of exceptional circumstances entitling him to appointment of counsel in this civil proceeding.  Id.

After the court denied the motion requesting appointment of counsel, the SEC moved for entry of a default judgment for Amyot's refusal to attend his deposition.  See Pl.'s Mot. Entry Default J. Against Def. Amyot [#88].  The proposed final judgment sought by the SEC would include permanent injunctive relief, as well as a judgment that Amyot is liabile for disgorgement of $5,800,000, plus prejudgment interest in the amount of $602,466 and a civil penalty to be paid to the SEC.  Final J. Permanent Inj. & Other Relief Def. Jean-François Amyot, 4 [#90].

II.     Legal Standard

Federal Rule of Civil Procedure 37 allows for the imposition of sanctions where a party fails to attend his own deposition.    Fed. R. Civ. P. 37(d)(3).  These sanctions include the imposition of a default judgment.  Fed. R. Civ. P. 37(b).  The goal of such sanctions is both to

3

penalize wrongful conduct and to deter future similar conduct by the particular party and others "who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam). A default judgment "'provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice.'" Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011) (quoting Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009)). At the same time, "[a]s this remedy is 'contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results,'" a court "must balance these 'competing considerations' before entering default." Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012) (quoting Remexcel, 583 F.3d at 51).

III.    Discussion

Here, several factors weigh in favor of imposing sanctions, including default. First, the failure to attend a party's own deposition is the type of sanctionable conduct expressly contemplated by Federal Rule of Civil Procedure 37(d). Second, this is not Amyot's first violation of the discovery rules. On May 29, 2014, the court sanctioned Amyot for failing to respond to the SEC's second request for production of documents. Third, Amyot's failure to attend his deposition was not the result of a lack of notice or inadvertence. Instead, Amyot knew that his deposition had been scheduled and that the request to stay the deposition had been denied, and yet he failed to attend.

The SEC argues a further factor, namely, that Amyot "has effectively gone on strike in this case unless the Court appoints counsel to represent him and his two companies at public expense." Pl.'s Mem. Law Supp. Its Mot. Entry Default J. Against Def. Amyot, 7 [#89]. This

4

argument is based on the e-mail sent by Amyot on the evening before his deposition stating "I will not participate in any proceedings unless I, Hilbroy Advisory and IAB Media are provided with counsel to assure our defense and a fair trial." Notice Regarding Def. Amyot's Mot. Requesting Appointment Counsel, Ex. C, at 2 [#84]. But after setting forth this ultimatum, Amyot did not merely stand on the assertion of rights through an e-mail to counsel. Rather, he sought relief from the court on the morning of the deposition. The court has now denied that request. If Amyot continues to refuse to attend his deposition or to insist that he will not litigate without court-appointed counsel, the SEC's point will be well-taken, but at present, while he has continued to complain about the denial of counsel, he has not repeated the ultimatum since the court issued its order denying his request for counsel.

Amyot's primary argument against proceeding with his deposition is his concern that "attending the deposition would irrevocably violate his civil rights" because the Autorité Des Marchés Financiers in Quebec has taken action against him pursuant to the criminal laws of Canada. Def., Jean-François Amyot's Mem. Law Supp. Opp'n Entry Default J., 1 [#95]. The Fifth Amendment privilege, however, "'cannot be invoked on a blanket basis.'" Vázquez-Rijos v. Anhang, 654 F.3d 122, 129 (1st Cir. 2011) (quoting United States v. Castro, 129 F.3d 226, 229 (1st Cir. 1997)). As the First Circuit has explained, "[t]his rule makes practical sense" because this court "must be able to review whether the privilege was properly invoked." Id. (citing United States v. Pratt, 913 F.2d 982, 990 (1st Cir. 1990)); see Pratt, 913 F.2d at 990 (explaining that the potential for incrimination is "a determination for the court . . . to make" and "requires that a particularized inquiry into the reasons for the assertion of the privilege be made"). Without knowing the questions to be put to Amyot, the court cannot determine whether the privilege is properly asserted. For this reason, it was improper for Amyot to refuse to appear for

his deposition, rather than to refuse to answer specific questions.  Although the court explained during the June 23, 2014 status conference that Amyot's rights could be protected or tested by asserting those rights during the deposition in response to particular questions, it is not at all clear that Amyot, who is proceeding pro se, fully understood his obligation to attend his deposition and raise objections in an ordered manner rather than asserting a blanket privilege and refusing to attend his deposition.

Weighing these factors, the court concludes that although it would be well within its discretion to enter default, the goal of resolving cases on their merits supports the conclusion that Amyot should be given one final opportunity to attend his deposition.  That deposition shall be taken within twenty-eight days of this order.

IV.     Conclusion

For the foregoing reasons, the SEC shall renotice Amyot's deposition for a date within twenty-eight days of this order.  Amyot is hereby ORDERED to attend his deposition.  The SEC's Motion for Entry of Default Against Amyot [#88] is DENIED WITHOUT PREJUDICE to the SEC renewing such motion in the event that Amyot again fails to appear at his deposition and including at that time a request for fees and costs incurred in connection with both motions.

IT IS SO ORDERED.

Date: August 19, 2014                                              /s/ Indira Talwani
                                                                                    United States District Judge