UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 12-cv-12334-IT * |
| SPENCER PHARMACEUTICAL INC., et al., | * * * |
| Defendants. | * |

ORDER

October 10, 2014

TALWANI, D.J.

Before the court is Defendant Jean-Francois Amyot's Motion to Compel Joinder Defendants [#114]. The underlying case involves allegations by Plaintiff SEC that Amyot and several coconspirators falsely inflated the stock price of Defendant Spencer Pharmaceuticals, Inc. ("Spencer") through a promotional campaign and the issuance of false and misleading press releases regarding a purported buyout. Compl. ¶1-2 [#1]. Plaintiff SEC claims that Amyot eventually derived a profit of more than $5.8 million dollars from the sale of Spencer's stock. Id. at ¶3.

Pursuant to Federal Rule of Civil Procedure 19, Amyot moves the court to join twenty-six individuals, government organizations, and corporate entities as defendants in this civil enforcement action. See Def.s' Mem. Law Supp. Mot. Compel Joinder Defs., 1 [#115].[1]

---

[1] Amyot seeks joinder of: Rami Ailabouni, Rod Zimmer, the Canadian Government, Francis Mailhot, Rainmaker Venture Capital, Inc., Rainmaker Global, Christian Saunders, Tillerman Securities, Cunningham-Adams Small Cap Fund I, Cunningham-Adams Green Fund, Strategema Capital, Sterling Stock Investment Ltd., Karol Schlosser, Alain Houle, Stephane Goulet, Gous

According to Amyot, each of the twenty-six named parties either: (1) engaged in business or contracted with a named defendant in this case as part of the alleged fraud, (2) received shares and profited from trades of Spencer stock, or (3) failed to properly investigate and stop the alleged fraudulent activity. See id. at 11-31. Amyot asserts that a failure to order joinder of these parties would "create a significant prejudice" and risk subjecting Amyot to "'double, multiple, or otherwise inconsistent obligations.'" See id. at 31 (quoting Fed. R. Civ. P. 19(a)(1)(B)(ii)).

Plaintiff SEC reads Amyot's motion as requesting that he be allowed to join the identified parties and assert claims against them as third-party defendants, so as to avoid the overpayment of any monetary remedies resulting from this case. Amoyt's papers suggests that he is seeking to have the court compel Plaintiff SEC to initiate enforcement actions against each of the twenty-six identified parties. See id. at 31-32 (requesting that the court "order the Plaintiff to amend its civil complaint . . . to include the people and entities listed as defendants" and stay proceedings until such amendment occurs). Cognizant of Amyot's pro se status, the court addresses both readings of Amyot's motion.

*1. Joinder of Third-Party Defendants*

Section 21(g) of the Securities and Exchange Act of 1934 states that:

> Notwithstanding the provisions of section 1407(a) of title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

---

Inc., Anne Yamshita, Joseph Emas, the University of Quebec in Montreal, Dr. Alexandruu Mateescu, Diane Dalmy, Mitch Segl, Alexey Nikitin, Lesco, Dr. Bandar Al-Dhafiri, and L'Autorite Des Marches Financiers du Quebec.

17 U.S.C. § 78u(g); see also Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332 n.17 ("[C]onsolidation of a private action with one brought by the SEC without its consent is prohibited by statute."). This bar on the consolidation and coordination of cases applies to third-party claims brought by a defendant. See S.E.C. v. Egan, 821 F. Supp. 1274, 1276 (N.D. Ill. 1993) (holding that section 21(g) precluded the filing of a third-party complaint); S.E.C. v. Thrasher, 92 Civ. 6987 (JFK), 1995 WL 456402, *3-4 (S.D.N.Y. Aug. 2, 1995) (same); S.E.C. v. Bradt, No. 93-8521-CIVGONAZALEZ, 1995 WL 215220, *1 (S.D. Fla. Mar. 7, 1995) (same).[2] Accordingly, the court finds that if Amyot's motion is construed as a motion to join third-party defendants, it is barred by the application of section 21(g). See 17 U.S.C. § 78u(g).

*2. Compelling SEC Enforcement Action*

"[A]n agency's decision not to take enforcement action [is] presumed immune from judicial review. . . ." Heckler v. Chaney, 470 U.S. 821, 832 (1985); see also Kotakis v. S.E.C., Nos. 99-16962, 989-16989, 2000 WL 1379821, *1 (9th Cir. 2000) ("[T]he SEC's refusal to prosecute is an unreviewable decision committed to the agency's discretion by law."); S.E.C. v. Princeton Econ. Int'l Ltd., Nos. 99 CIV 9667 RO, 99 Civ. 9669 RO, 2001 WL 102333, *1 (S.D.N.Y Feb. 7, 2001) ("[D]eterminations by regulatory agencies, such as the SEC . . . , about which parties to name in an enforcement action are presumed immune from judicial review.").

This presumption may only be rebutted by showing that (1) "the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers," see Chaney,

---

[2] Courts have held that section 21(g) is not limited to cases seeking only equitable relief. See e.g., Thrasher, 1995 WL 456402, at *3-4 (interpreting section 21(g) to apply in cases where SEC seeks both equitable and legal remedies); Bradt, 1995 WL 215220, at *1 (same). Therefore, the fact that Plaintiff SEC seeks legal as well as equitable remedies in this case does not affect section 21(g)'s application.

470 U.S. at 833, or (2) the agency decision "is so extreme as to amount to an abdication of its statutory responsibilities," see id. at 833 n.4 (leaving the question of whether review is appropriate based on an agency's abdication of its duties open); Mass. Pub. Interest Research Grp., Inc. v. U.S. Nuclear Regulatory Comm'n, 852 F.2d 9, 19 (1st Cir. 1988) (resolving the open question in Chaney in favor of review).

SEC enforcement actions are governed by section 21(f) of the Securities and Exchange Act of 1934, which states that:

> [w]henever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, . . . it may in its discretion bring an action in the proper district court of the United States . . . .

18 U.S.C. § 78u(d)(1) (emphasis added).[3] By its terms, section 21(f) grants discretion to the SEC to choose whether or not to initiate enforcement actions without providing specific guidelines.

As to the second exception, the failure to bring an enforcement action against the twenty-six parties named by Amyot is not evidence that Plaintiff SEC has abdicated its enforcement responsibilities. See Mass. Pub. Interest Research Grp., 852 F.2d at 19 (explaining that review would be appropriate only if the court was "'strongly convinced that the Commission was inexcusably defaulting on its fundamental responsibility'" (quoting Rockford League of Women Voters v. NRC, 679 F.3d 1218, 1223 (7th Cir. 1982))). At most, Amyot has forwarded general allegations that the twenty-six parties were somehow involved – some only tangentially or

---

[3] SEC regulations echo this same discretionary language: "[a]fter investigation or otherwise the Commission may in its discretion take one or more of the following actions: . . . initiation of injunctive proceedings in the courts." 17 C.F.R. § 202.5 (emphasis added); see also See Block v. S.E.C., 50 F.3d 1078, 1084-85 (D.D.C. 1995) (considering whether agency rules provide judicially manageable guidelines where the statute does not).

4

through attenuated professional associations – with the purported fraud involving Spencer.  A decision not to bring an enforcement action against these parties, even if all facts alleged by Amyot are true, is within the normal exercise of agency discretion over investigations and enforcement actions.  <u>See</u> 17 U.S.C. 78u(a), (f).

    For the foregoing reasons, Amyot's <u>Motion to Compel Joinder Defendants</u> [#114] is DENIED.

    IT IS SO ORDERED.

Date: October 10, 2014                                          /s/ Indira Talwani
                                                                                United States District Judge