**UNITED STATES DISTRICT COURT**  FILED
**FOR THE DISTRICT OF MASSACHUSETS**    OFFICE

2014 OCT 27 P 3: 09

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SPENCER PHARMACEUTICAL INC. ) | |
| MAXIMILLIEN ARELLA ) | Civil Action No. 12cv-12334-IT |
| IAN MORRICE ) | |
| JEAN-FRANCOIS AMYOT ) | |
| HILBROY ADVISORY INC. ) | |
| IAB MEDIA INC. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION IN LIMENE TO EXCLUDE EVIDENCE

The Defendant, Jean-Francois Amyot, hereby files this motion in limine, to exclude evidence at trial as it concerns the unlawful search and seizure by L'Autorite des Marches Financiers Du Quebec, the handling of said evidence by unnamed third party and the authentic of said files illegally seized, as well as the depositions obtained by the Plaintiffs in Canada and other facts.

## BACKGROUND

On July 12, 2010, L'Autorite Des Marches Financiers du Quebec (AMF) is said to have begun an extensive investigations of the Defendants as it relates to Spencer, and other US publicly quoted companies.

On June 27, 2011, L'Autorite Des Marches Financiers du Quebec filed a request to obtain a search warrant with the Honorable Judge Johanne White as it relates to a publicly traded company named WanderPort Corporation, Hilbroy Advisory, IAB Media, and Jean-Francois Amyot. The judge granted the search warrant for the offices of Hilbroy Advisory Inc., specifically at the 1400 rue Begin Street, Montreal, Quebec.

On June 29, 2011, L'Autorite Des Marches Financiers du Quebec executed the search warrant at the offices of Hilbroy Advisory. The search warrant was executed by both employees of the AMF as well as a third party company named E-Profile and their unnamed employees.

On July 28, 2011, the Defendant filed an opposition to the search warrant issued by the Honorable Judge Johanne White.

On September 4, 2012, the Honorable Judge Johanne St-Gelais rejected the opposition to the search warrant.

On December 6, 2012, the Honorable Judge Pierre Dalphone authorized the appeal to the opposition of the search warrant.

On May 15, 2013, The defendant filed a motion for forum non conveniens.

On July 15, 2014, Judge Young denied the motion for lack of jurisdiction and forum non conveniens without prejudice

On March 7, 2014, Judge Young granted the issuance of Letters Rogatory to Canada, specifically to the province of Quebec, and Nova Scotia.

## ARGUMENTS

### I. AMF Search and Seizure

1. All evidence obtained from the AMF should be excluded since they were obtained illegally. The search warrant was drafted in such a way to give a false and misleading sense of urgency to the judge, and claimed that some witnesses asked to be kept anonymous because they were afraid for their lives. Notwithstanding the

exaggeration this affidavit by the AMF's enforcement officer, the search warrant sought the discovery of documents in relations to a public company named Wanderport Corporation but not Spencer. In considering that the AMF is said to have begun an investigation on Spencer a year before the search warrant issuance, it is inconceivable that the search warrant would not cover the documents concerning Spencer, but it did not. The AMF lacked probable cause to seize the documents other than the ones described in the search warrant. The AMF simply went fishing, and took everything except the furniture making their search and seizure fourth amendment rights violation.

2. The AMF seized any and all documents including private and confidential information such as medical records, life insurance policy and photos and videos stored on the computers as well as legal and accounting documents unrelated to the search warant. The AMF also penetrated in suite 1420, whereby they did not have a search warrant for those premises and we do not know if there was any information seized from this office.

3. The search warrant by the AMF was conducted by their staff as well as a third party company named E-Profile and its employees. No information can be found on the ownership of E-Profile and or its employees and or any of the credentials of these employees to perform the work of an enforcement agency. We do not know the basis of the agreement with the AMF, monetary payments, bonus structure if any and or the confidentiality requirement by E-Profile and their employees. Since we do not know who this company is owned by or who these employees are, we do not know if there is a conflict of interest between this company, its owners and or employees and the defendants.

4. E-Profile copied every storage devices found at the premises described by the warrant or at 1400 Begin, as well as the warehouse space and offices belonging to IAB Media at 1420 Begin, which itself was not a target of the search warrant. The

electronic storage devices included computer hard drives, flash drives, and cell phones. E-Profile copied every single files, cache, temp, etc. without the use of any methodology to limit invasion of privacy provided by the fourth amendment including computers owned by visitors and unrelated to the search warrant and probable cause.

5. E-Profile copied the electronic stored files on computers, and or storage device owned by them, and during the course of the past three years have manipulated said files for the AMF, Revenue Quebec, the Surete Du Quebec (State Police), the Royal Canadian Mounted Police (RCMP) and other government entities. Notwithstanding the illegal search warrant, these files may have been tempered with and no assurance can be given as to their authenticity.

6. We do not know the methods used to copy the hard drives and or other devices nor can we be assured of the authenticity of the documents seized and or the chain of command of the documents seized by the AMF and or E-Profile.

7. We believe the search and seizure violated the defendant's fourth amendment; "to protect citizens from government intrusion into their private affairs without the authority of law". Regardless of the issuance of the search warrant by the judge, the deliberate broad struck approach to the seizure procedures by the AMF is a clear violation of the fourth amendment. The AMF seized several cell phones, with text messages, which have been declared by the highest court in Canada and is case law in many courts in the US that text messages are in fact conversations, and require a specific wiretap authorization. We also believe that with the advancement of technology, there is no difference between an email and text since they are now both real-time, accessible through mobile phone and we expect that these messages are private and remain private, and to assure this privacy, we make use of passwords and cryptology. The AMF requested this third party to copy every single item on all electronic storage devices within the premises of the office of 1400 begin

including computers of visitors without any protocol or methodology. They simply use easily accessible technology to copy any and all files located on the storage devices and this is a clear violation of the fourth amendment right.

8.  The Supreme Court has long recognized the "grave danger" to privacy inherent in a search and seizure of person's paper – that private documents for which there is no probable cause may be examined in the course of searching for documents described in a warrant.    This threat to privacy is heightened in searches of computers because of the broad nature and variety of information stored there. Individuals and businesses use computers to create, store, and communicate every type of information imaginable, from the most public to the most sensitive, including trade secrets, privileged communications, private correspondence, and stray thoughts never intended to see the light of day. Moreover, unlike a paper filing system, any given hard drive is full of information average user assumes never was or is no longer there – the content of websites visited, e-mails sent off and forgotten, documents deleted or never deliberately saved.    Embedded in any computerized document is information that can appear to be damning evidence that a specific person downloaded, wrote, modified or viewed the document at a certain time, i.e. user Joe Smith wrote a threatening letter on May 4, 2014 at 3:02pm, though in fact it may have been Mary Smith who wrote it or the dates and times may have been altered.

    Not surprisingly that computers are tempting and frequent targets in search and seizures. Fortunately, the technical means exist to search computers for particular information without rummaging through private information not described in a warrant. In this case, it would have been easy for the AMF and its third party so called experts to isolate the information and type of documents described in the search warrant, but chose to copy the entire hard drives, even hard drives not installed on computers, which contained computer files all dated outside the search

warrant timeframe and scope, providing further evidence that the search warrant went beyond their scope and probable cause.

The same fourth amendment principles that apply to other kinds of searches apply to computer searches.  The search and seizure must not only be reasonable, but must be performed pursuant to a warrant, issued on probable cause and particularly describing the place to be searched and the things to be seized.

The scope of the search may not exceed the scope of the warrant of the applicable exception to the warrant requirement or in any case, the bounds of probable cause. The mere fact that a suspect uses a computer along with an "expert law enforcement opinion that this type of offender uses a computer to store or communicate incriminating information does not amount to probable cause.

At the most general level, there are two steps in a search and seizure of computerized information, each of which must comply with the fourth amendment: 1) the search for and possible seizure of the hardware or other media upon which the information described in the warrant is believed to be stored and 2) the search for and seizure of the particular files or data specified in the warrant.  In the case of the search warrant obtained by the AMF no details as to where or if information would be contained and or none of the hardware or other media were described and no information specified in the warrant, specifically no files or probable cause in relations to Spencer, Dr. Arella, Mr. Morrice or anything linking to the broad subject of Spencer.

As an example, when a shipping container is seized, contents may not be searched without a warrant. Rather the warrant and the search itself must "focus on the content of the record" for which there is probable cause.

Conversely, a warrant authorizing a search for certain computer files does not permit the seizure of the computer itself or its entire contents any more than a warrant authorizing a search of a house for a murder weapon would permit the police to cart off the entire contents of the house.

A search methodology that minimizes unwarranted intrusions on privacy is required as a constitutional matter. The failure to use such means supports a flagrant disregard for the warrant and excessive seizures and exploratory rummaging by the AMF outside the scope of the warrant and the scope of probable cause established in the warrant is a flagrant constitutional violation.

The fourth amendment's fundamental purpose is to prevent broad exploratory searches and seizure like the one performed by the AMF. The search of a file cabinet are similar to that of computer files only insofar as both contain records for which there is probable cause intermingled with irrelevant ones. There the similarity ends, because a search of information on a computer can be accomplished through keyword searches and other technological means without unnecessary review of material for which there is no probable cause. The courts hold that a portion of the warrant for computers and related equipment are insufficient particular if they do not contain or reference search instructions designed to minimize intrusions on irrelevant and privilege material. In the case of the AMF warrant, it simply listed several individuals, whereby only one, Jean-Francois Amyot is a defendant in this case, and listed one publicly quoted company named Wanderport with a general list of common types of documents found in any office and where to find them i.e. in any and all electronic storage devices.

Individual files in a computer are like individual file folders containing paper documents in that the contents are not exposed to public view and are therefore subject to a reasonable expectation of privacy. As a result, the government must

have probable cause to open and view a certain computer file and probable cause will depend on the nature and attributes of the particular file. "A warrant to search for a stolen refrigerator would not authorize the opening of desk drawers". For example, there may be probable cause to search for a particular contract between two companies, but no probable cause to open files in which a keyword search distinctive to the contract did not produce a "hit". Distinction like these should have dictated the search methodology, the scope of the search and the limits of the exceptions to the warrant requirements. Therefore, opening files and emails not listed in the warrant exceeded the scope of the warrant, was not in good faith, was not in plain view, would not have been inevitably discovered, and its fruits are inadmissible.

## II.   Depositions held in Canada

1. The Plaintiff was granted the privilege of the service of subpoenas to Canadians as well as obtained evidence and allow the deposition of Canadian citizens due to the letters rogatory obtained. Several if not all depositions were held at the office of a law firm in Montreal, that of Irving Mitchell Kalichma. This law firm represented the Plaintiff, however, the depositions were performed by the Plaintiff's employees, who are United States citizens and resident of the United States and who travelled to Montreal, Quebec, Canada to perform their work on behalf of the Plaintiff, the US Securities and Exchange Commission.

2. A letter rogatory provides for the service of subpoenas and or obtain evidence in a foreign state, but does not grant an immigration working permit to lawyers from a foreign state. The Plaintiff's lawyers crossed the Canadian border, and performed their duties as lawyers in Montreal, without the assistance of any Canadian attorney onsite and therefore illegally worked in Canada as well as made false

representations to the Canadian Border Services Agency, and both are provincial and federal offences.

3. The depositions, which were filmed, clearly demonstrate that the Plaintiff's employees were exercising their duties as lawyers in Canada. No other attorneys were present and or representing the Plaintiffs during the depositions.

4. The depositions could have easily been held at the US embassy and or at the very least at the Pierre Elliot Trudeau Airport in Montreal where US Border and Immigration are provided with sovereign area considered to be the United States.

5. The deposition could have been performed by local licensed attorney that could have easily represented the Plaintiff.

6. Temporary work visa can be obtained by Immigration Quebec and require an Employer in Quebec, a Certificate of Acceptance by Immigration Quebec and a temporary work permit by Immigration Canada. None of which have been obtained by the Plaintiff or their employees.

7.  The employer must be registered with the Quebec and Canadian Government and are required to withhold taxes from their employees temporarily working in Quebec regardless of the number of days worked in Canada.

8. It is therefore our opinion that the depositions obtained in Canada are the fruit of the poisonous three since they were illegally obtained by false and misleading statements to a Federal Agency by the employees of the Plaintiffs as well as the Plaintiff's disregard for a foreign state laws and its legally required work visa and fiscal policy.

9. The same is true for anyone who would enter the United States for even an hour to perform work and claiming to be going to a meeting. If any work is performed by a

company and or individuals, a properly issued work permit must be issued and fiscal policy observed and failure to do so is a criminal offence.

10. We have verified with the Canadian embassy as well as several Canadian attorneys who themselves have obtained letter rogatory to service U.S. citizens in the United States and were denied performing work in the United States and were forced to obtain local representation to depose witnesses. If on the other hand, a list of questions are sent to the witnesses on paper further to the letter rogatory, the witnesses need to provide the requesting party with the answers and the same is true from a list of documents being requested. However, in order to perform work in a foreign state, the Plaintiff and its employees need to obtain permits and visa. This is a common mistake made because of the shared border between Canada and the US is so large and it is especially true for cities that are practically immediate neighbors such as Boston and Montreal, but this mistake is a federal and provincial offense.

## CONCLUSION

Whether the search and seizure was performed by a foreign state or foreign agency, this court has ordered jurisdiction over the defendants and its laws and civil rights must be respected and upheld. The same would be true if a specific sovereign state approved the use of torture to obtain admission of guilt, it would not be admissible in this court whether it was legal where it was obtained and therefore the same is true from an illegal search and seizure as well as a lack of audit trail of the chain of custody to assure the authentic of the documents seized. We therefore ask the court to order any and all documents provided by the AMF be suppressed and deemed inadmissible.

Furthermore, the illegal acts commitment by the Plaintiff and its employees to obtain the testimony of Canadian witnesses in Canada make the depositions the fruit of the poisonous tree and should be ordered suppressed and deemed inadmissible.

We further ask that any and all information as it concerns complaints filed by the AMF in Quebec courts against the defendant be suppressed and deemed inadmissible as it causes an extreme prejudice to the defendant.

We request the court to order the information illegally seized by the AMF inadmissible and suppressed

We request the court to order the deposition illegally obtained in Canada be inadmissible suppressed. This causes no prejudice to the Plaintiff since they can obtain live testimonies during trial.

We request the court to order any and all information as it pertains to the complaint filed by the AMF in Quebec courts be inadmissible and suppressed.

Respectfully submitted,

Jean-Francois Amyot

October 23, 2014

**CERTIFICATE OF SERVICE**

I, Jean-Francois Amyot, hereby certify that a true copy of the above document was sent on October 23, 2014 by electronic mail.

Jean-Francois Amyot