UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
SECURITIES AND EXCHANGE COMMISSION,          )
                                            )
            Plaintiff,                       )
                                            )
      v.                                     )   Case No. 1:12-cv-12334-IT
                                            )
SPENCER PHARMACEUTICAL INC.,                 )
JEAN-FRANÇOIS AMYOT,                         )
IAB MEDIA INC. and                           )
HILBROY ADVISORY INC.,                       )
                                            )
            Defendants.                      )
_____ )

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE***

Plaintiff Securities and Exchange Commission ("the Commission") submits this opposition to the motion *in limine* filed by defendant Jean-François Amyot (Dkt. #140).

**SUMMARY**

Amyot has moved to exclude the Commission's trial exhibits that were produced by the Québec Autorité des Marchés Financiers (the "AMF"), claiming that the AMF obtained the documents through an illegal search. The motion should be denied for several reasons. The Commission would have received the documents directly from Amyot if not for the search, Amyot has dropped his challenge to the search in a Canadian court, and the Fourth Amendment would not apply here even if the search in Canada had actually been improper.

Amyot has also moved to exclude the transcripts from depositions taken in Canada, claiming that the Commission attorneys who took the depositions lacked the necessary work permits. The motion is entirely without merit. Courts in both the U.S. and Canada authorized

the Commission attorneys to take depositions in Canada, Amyot failed to preserve his objection when the depositions took place and, in any event, no work permits were needed under Canadian law or otherwise.

## BACKGROUND

### A.     The AMF Documents

The AMF is the regulatory agency that enforces the securities laws of Quebec.  On June 29, 2011, the AMF executed a search warrant at the offices of defendants IAB Media Inc. and Hilbroy Advisory Inc. in Montreal, Quebec.  At the time, Amyot was the president of both companies.  During the search, the AMF seized certain documents, including both electronic and hard copy documents.

On July 28, 2011, Amyot filed an opposition to the search warrant in a Canadian court. On September 4, 2012, a Canadian judge rejected Amyot's opposition.  On December 6, 2012, a different Canadian judge entered an order allowing Amyot to pursue an appeal.  [*See* Motion *in Limine* (Dkt. #140), p.2.]

On September 9, 2013, the Commission served Amyot with a document request. [Dkt. #69-2.]  On November 5, 2013, Amyot's then-counsel sent a letter to Commission counsel stating, among other things:

> I have been advised that my clients do not currently have in their possession, custody or control any emails and/or documents that relate to the Spencer litigation…
>
> My clients are … willing to have the [AMF] documents sent directly to me.  Then, with those records in our possession, custody or control, I would, pursuant to the Federal Rules, object to some, withhold some others based on privilege, etc., and provide non-privileged, non-objectionable, responsive documents to you…
>
> If you believe you can obtain documents from the AMF and send them directly to me for my production to you, I'm happy to fill out a written

>authorization…
>
>I hope that you understand that any meaningful production will require my obtaining documents from the AMF, and your assistance in that regard would be much appreciated.

[Dkt. #136-3.]  On November 12, 2013, Amyot served a response to the Commission's document request confirming that he had no documents in his possession, custody or control as a result of the AMF seizure.  [Dkt. #69-4.]

In April 2014, in response to a motion filed by the Commission, a Canadian court authorized the Commission to examine and copy the documents that the AMF had seized in June 2011.  [Dkt. #136-4.]  The Commission had provided Amyot's then-counsel with notice of the motion, and Amyot filed no opposition to the motion nor stated any objection.  The AMF thereafter produced the seized documents to the Commission, which in turn produced them to Amyot.[1]

On October 22, 2014, Amyot informed the Court at the pretrial conference that his appeal concerning the AMF search was no longer pending, without any ruling having been issued.

On October 23, 2014, Amyot served his motion *in limine*, which was docketed on October 29.

###    B.    The Canadian Depositions

On February 21, 2014, the Commission filed a motion asking Judge Young to issue Requests for International Judicial Assistance to the Superior Court in the Province of Quebec and to the Supreme Court in the Province of Nova Scotia, seeking their assistance to compel ten witnesses to attend depositions in Canada and to produce certain documents.  [Dkt. #56.]  The

---

[1] Before the Commission received the production of documents, the parties reached agreement on, and the Commission thereafter implemented, a protocol for protecting from disclosure to the Commission case staff any documents subject to the attorney-client privilege or work product protection.

motion was filed pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, which authorizes a U.S. court to request that a foreign court compel a witness to appear for a deposition in the foreign country and to produce documents.  Amyot did not oppose the motion.

On February 28 and again on March 6, 2014, the Commission re-filed its motion for judicial assistance, narrowing the scope of its document requests in response to guidance provided by the Court.  [Dkt. #59 (second motion), #62 (third motion).]  Amyot did not oppose the motions.

On March 10, 2014, Judge Young granted the Commission's third motion for judicial assistance.  [Dkt. #64.]  The Requests for International Judicial Assistance directed to the courts in Quebec and Nova Scotia were issued the same day.  [Dkt. ##65-66.]

On April 4, 2014, the Superior Court for the District of Montreal in the Province of Quebec entered a judgment ordering seven witnesses to produce documents and appear for their depositions.  [**Exhibit A** hereto.]  Paragraph 5 states that the court:

> **ORDERS** Mr. Eric Boyd, Mr. Jean-Guy Lambert, Mr. Francois Vallet, Mr. Marc Gagnon, Mr. Rami Ailabouni, Ms. Isabelle Papillon and Mr. Stephane Goulet to appear at the offices of Irving Mitchell Kalichman LLP, 3500 Blvd. de Maisonneuve O., Suite 1400, Montreal, Quebec, H3Z 3C1, to be examined under oath by Petitioner, the Securities and Exchange Commission, on the date specified in a subpoena served in accordance with the *Code of Civil Procedure* or on such date(s) that the parties and the witness(es) may agree or that the Court may otherwise fix, and that such deposition(s) continue from day to day until completed.

On April 8, 2014, the Superior Court for the District of Joliette in the Province of Quebec entered an identical judgment ordering another witness (Sylvain Amyot) to produce documents and appear for his deposition.  [**Exhibit B** hereto.]

At trial, the Commission intends to offer excerpts from eight depositions taken in Canada.  Five of the depositions (Rami Ailabouni, Sylvain Amyot, Eric Boyd, Marc Gagnon,

4

and Jean-Guy Lambert) were conducted pursuant to the Canadian court orders cited above. The depositions of the three individual defendants (Jean-François Amyot, Maximilian Arella, and Ian Morrice) were conducted without need for compulsory process.

## ARGUMENT

I. **The Documents Obtained from the AMF Should Be Admitted**

Amyot's assertion that the AMF's search was illegal is no obstacle to the Commission's use of trial exhibits obtained from by the AMF, for several reasons.[2]

First, as the November 5, 2013 letter from his then-counsel makes clear, Amyot would have produced the documents in response to the Commission's document request if the AMF had not seized them. [Dkt. #136-3.] Further, the attorney specifically indicated that the Commission's "assistance" in obtaining the documents from the AMF "would be much appreciated." The Commission provided that assistance in April 2014, when a Canadian court granted its request to obtain copies of the documents from the AMF. [Dkt. #136-4.] After encouraging the Commission to obtain the documents from the AMF, Amyot's hypocritical objection to the Commission's use of some of the documents at trial should not be countenanced.

Second, there has been no finding in Canada that the AMF search was illegal. Indeed, Amyot acknowledged at the pretrial conference on October 22 that his appeal concerning the search is no longer pending. Amyot can hardly expect this Court to rule that the search was illegal when Canadian courts, which are familiar with both the underlying facts and Canadian law on unreasonable searches, never made such a ruling, and when he has abandoned his attempt to obtain such a ruling.

Lastly, even if the AMF search had been conducted in violation of Canadian law, the

---

[2] The Commission has already addressed the authenticity of the AMF documents in its motion *in limine* filed on October 27, 2014. [Dkt. #136.]

5

Fourth Amendment would not preclude the Commission's use of the AMF documents at trial, because the Fourth Amendment does not apply to searches conducted by a foreign government. As the First Circuit has stated, "Ordinarily, the Fourth Amendment's exclusionary rule does not apply to foreign searches and seizures, for the actions of an American court are unlikely to influence the conduct of foreign police." *U.S. v. Valdivia*, 680 F.3d 33, 51 (1st Cir. 2012). *See also U.S. v. Mitro*, 880 F.2d 1480, 1482 (1st Cir. 1989), *quoting U.S. v. Janis*, 428 U.S. 433, 455 n.31 (1976). Courts recognize two exceptions to this rule – if U.S. agents participated in the search, or if the foreign search "shocks the conscience." *U.S. v. Valdivia*, 680 F.3d at 51; *U.S. v. Mitro*, 880 F.2d at 1482. Neither exception applies here.

## II. The Transcripts from Depositions in Canada Should Be Admitted

### A. The Prerequisites for Admissibility Have Been Satisfied

Rule 32(a) of the Federal Rules of Civil Procedure provides that a deposition may be offered against a party at trial if the party was present or had reasonable notice of the deposition, and if one of several additional conditions is satisfied. The admissibility of a deposition under Rule 32(a) is an independent exception to the hearsay rules in the Federal Rules of Evidence:

> Under Rule 802, hearsay is admissible where allowed by the Federal Rules of Evidence, or "by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed.R.Evid. 802. Rule 32(a)(4)(B) is one of these "other rules." *See* Fed.R.Evid. 802 advisory committee's note (identifying Rule 32 as one of the "other rules"); Fed.R.Civ.P. 32 advisory committee's note (explaining that new Rule 32(a) was intended to "eliminate[ ] the possibility of certain technical hearsay objections which are based, not on the contents of deponent's testimony, but on his absence from court").

*Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 914 (9th Cir. 2008).[3]

---

[3] *See also Ueland v. United States,* 291 F.3d 993, 996 (7th Cir. 2002) ("Rule 32(a), as a freestanding exception to the hearsay rule, is one of the 'other rules' to which Fed.R.Evid. 802 refers."); *Angelo v. Armstrong World Indus., Inc.,* 11 F.3d 957, 962–63 (10th Cir. 1993) ("Deposition testimony is normally

The first requirement in Rule 32(a) is satisfied, because Amyot received prior notice of all the Canadian depositions.  Not counting his own deposition, he chose to participate in four of the Canadian depositions the Commission anticipates introducing at trial (Rami Ailabouni, Sylvain Amyot, Eric Boyd, and Jean-Guy Lambert), and he informed the Commission that he would not be participating in the others.

The second Rule 32(a) condition that applies here is in subpart (4)(B): "the witness is more than 100 miles from the place of hearing or trial or is outside the United States."  Rule 32(a)(4)(B) does not require a showing of unavailability.  "We have held that so long as this distance criterion is satisfied, the admissibility of deposition testimony under the aegis of Rule [32(a)(4)(B)] is not contingent upon a showing that the witness is otherwise unavailable."  *Delgado v. Pawtucket Police Dept.*, 668 F.3d 42, 49 (1st Cir. 2012) (citation omitted).  This second requirement in Rule 32(a) is satisfied, because all the witnesses are outside the United States.

While Rule 32(a) of the Federal Rules of Civil Procedure is a sufficient basis by itself for the Commission's use of the Canadian depositions at trial, Rule 804(b) of the Federal Rules of Evidence also supplies a basis for their use.  Rule 804(b)(1) provides that a deposition may be used against a party if the party had an opportunity for cross-examination, and if the witness is now unavailable.  Rule 804(a)(5) provides that a witness is unavailable if the party offering the deposition is unable, "by process or other reasonable means," to procure the witness's attendance at trial.  *See U.S. v. McKeeve*, 131 F.3d 1, 9 (1st Cir. 1997) ("The standard test for unavailability

---

inadmissible hearsay, but Fed.R.Civ.P. 32(a) creates an exception to the hearsay rules."); *S. Indiana Broadcasting, Ltd. v. FCC,* 935 F.2d 1340, 1341-42 (D.C. Cir. 1991) (recognizing that Fed.R.Civ.P. 32(a) creates an exception to the hearsay rule); *U.S. v. Vespe,* 868 F.2d 1328, 1339 (3rd Cir. 1989) (Rule 32(a)(3)(B) "constitutes an independent exception to the hearsay rule"); *Niles v. Owensboro Medical Health System Inc.*, 2011 WL 3439278, *4 (W.D.Ky. Aug. 5, 2011) (citing cases).

7

is whether the witness's attendance could be procured 'by process or other reasonable means.'") (quoting FRE 804(a)(5)).

While Congress recently provided the Commission with nationwide service of process for trial subpoenas,[4] the Commission cannot subpoena a resident of a foreign country to attend a trial in the United States. As a result, the Canadian witnesses are unavailable for purposes of Rule 804(a)(5). *See Mancusi v. Stubbs*, 408 U.S. 204, 212 (1972) (resident of Sweden was unavailable because state court had no means of compelling his attendance at trial); *FTC v. Asia Pacific Telecom Inc.*, 788 F.Supp.2d 779, 783 n.4 (N.D.Ill. 2011) (resident of Mariana Islands); *U.S. v. Ozsusamlar*, 428 F.Supp.2d 161, 176 (S.D.N.Y. 2006) (resident of Turkey). *See also Wilson v. Seven Seventeen HB Philadelphia Corp. No. 2*, 2003 WL 22709073, *4 (E.D.Pa. Nov. 14, 2003) ("inability to procure attendance by 'process or other reasonable means' is satisfied by demonstration of inability to serve a subpoena"). In addition, during the discovery process, the Canadian witnesses uniformly expressed to the Commission a lack of interest in traveling to Boston for further testimony. *See In re Screws Antitrust Litigation*, 526 F.Supp. 1316, 1318 (D.Mass. 1981) (witness who is outside the court's jurisdiction and unwilling to testify is unavailable under FRE 804(a)(5)).

### B. Amyot's Argument about Work Permits Has No Basis at All

Amyot does not explicitly challenge the Commission's use of the deposition excerpts under either Rule 32(a) or Rule 804(b). Instead, he asserts that the depositions were conducted illegally, because the Commission attorneys did not have Canadian temporary work permits. There is absolutely no merit to his argument, for several reasons.

---

[4] *See* Section 22(a) of Securities Act of 1933, 15 U.S.C. §77v(a), and Section 27 of Securities Exchange Act of 1934, 15 U.S.C. §78aa, as amended by the Dodd–Frank Wall Street Reform and Consumer Protection Act of 2010.

First, as quoted above, the relevant Superior Courts in the Province of Quebec specifically authorized the Commission to take the third-party witness depositions in Quebec. The courts' authorization was in no way conditioned on the Commission attorneys obtaining temporary work permits.

Second, Amyot failed to make a timely objection to the depositions. According to his motion (at p.9, ¶4), the depositions could properly have taken place at the U.S. embassy in Canada or the international airport in Montreal. By Amyot's own admission, therefore, the supposed defect could have been corrected at the time of the depositions. By failing to timely state his objection during each deposition, Amyot waived the objection for purposes of Rule 32(d)(3)(B) of the Federal Rules of Civil Procedure.

Lastly, it is not surprising that Amyot cites no actual Canadian law for the proposition that the Commission attorneys needed temporary work permits, because no such law exists. Quite the contrary. Under Quebec law, a foreign national staying temporarily for 30 days or less may work without obtaining a "certificate of acceptance".[5] Under Canadian federal law, a foreign national may not work in Canada without a work permit, but there are many regulatory

---

[5] Section 3.2 of the *Act Respecting Immigration to Quebec,* CQLR c I-0.2, requires every foreign national seeking temporary admission to Quebec for work to obtain a certificate of acceptance, unless excluded by regulation:

> Excepting the classes of foreign nationals excluded by regulation, every foreign national seeking temporary admission to Québec to work … must hold a certificate of acceptance issued by the Minister.

Section 53 of the *Regulation Respecting the Selection of Foreign Nationals*, CQLR c I-0.2, r 4, provides that foreign nationals staying temporarily in Quebec to work for 30 days or less do not require a certificate of acceptance:

> For the purposes of this Subdivision, a foreign national who is staying temporarily in Québec to work for 30 days or less … is exempt from the application of section 3.2 of the Act.

exceptions.[6] One exception is for "business visitors" – foreign nationals who do not "directly enter" the Canadian labor market, because their primary place of business and their primary source of compensation are outside Canada.[7] Using that definition, the Commission attorneys were clearly "business visitors." This conclusion is confirmed by policies published by Citizenship and Immigration Canada, whereby foreign government officials performing official duties in Canada are considered "business visitors" and are not required to obtain a work permit.[8]

---

[6] *Immigration and Refugee Protection Act*, S.C. 2001, c.27, §30 (permit requirement), §186 (availability of exceptions).

[7] *Immigration and Refugee Protection Act*, S.C. 2001, c.27, §187:

> (1) For the purposes of paragraph 186(a), a business visitor to Canada is a foreign national who is described in subsection (2) or who seeks to engage in international business activities in Canada without directly entering the Canadian labour market…
>
> (3) For the purpose of subsection (1), a foreign national seeks to engage in international business activities in Canada without directly entering the Canadian labour market only if:
>
>> (a) the primary source of remuneration for the business activities is outside Canada; and
>>
>> (b) the principal place of business and actual place of accrual of profits remain predominately outside Canada.

[8] Available online at http://www.cic.gc.ca/english/resources/tools/temp/work/permit/foreign/accredit.asp:

> Foreign government officials seeking temporary entry for the purpose of performing duties and providing services for their government in Canada should be dealt with as business visitors under R186(a).

## CONCLUSION

For the reasons set forth above, Amyot's motion *in limine* should be denied in its entirety, and the AMF documents and the excerpts from depositions taken in Canada should be admitted.

Respectfully submitted,

/s/ Frank C. Huntington
Rua M. Kelly (Mass. Bar No. 643351)
James R. Drabick (Mass Bar No. 667460)
Frank C. Huntington (Mass Bar. No. 544045)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
33 Arch Street, 23rd Floor
Boston, MA 02110
(617) 573-4535 (Drabick direct)
(617) 573-4590 (fax)
drabickj@sec.gov (Kelly email)

Dated: November 3, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014, the foregoing Plaintiff's Opposition to Defendant's Motion *in Limine* was filed electronically with the Court and was served upon Jean-François Amyot, the remaining individual defendant who is appearing *pro se*, by electronic means.

/s/ Frank C. Huntington
Frank C. Huntington