UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | * Civil Action No. 12-cv-12334-IT * |
| SPENCER PHARMACEUTICAL INC., et al., | * * * |
| Defendants. | * |

ORDER

November 6, 2014

TALWANI, D.J.

Plaintiff Securities and Exchange Commission ("SEC") has filed a Motion *in Limine* In Support of the Authenticity of Documents Produced by the Québec Autorité des Marchés Financiers [#136]. The motion seeks to preclude Defendant Jean-Francois Amyot ("Amyot") from contesting the authenticity of hardcopy and electronic documents seized by the Canadian Autorité des Marchés Financiers ("AMF") during its search of the offices of Defendants IAB Media, Inc. and Hilbroy Advisory, Inc. at 1400 Rue Bégin, Montréal, Québec.

On November 5, 2014, the court held an evidentiary hearing on the motion, at which Plaintiff SEC presented testimony of two AMF employees. These employees testified to the documents' chain of custody during transfer from the searched offices to the AMF's storage vault. Moreover, the witnesses testified that each of the documents Plaintiff SEC intends to use

at trial was cross-referenced against the document cache stored at the AMF, and that the unique identifying number[1] and the contents of each document matched.

The SEC also called Amyot as a witness. Amyot expressed skepticism as to why the AMF chose to use an external contractor to seize the electronic files stored at the offices and speculated that some files may have been tampered with either by the contractor or by the AMF. Amyot did not offer any evidence or tampering or specific examples of any documents that had allegedly been altered.

"The standard for authentication . . . is one of reasonable likelihood" that the evidence is what it purports to be. United States v. Holmquist, 36 F.3d 154, 168 (1st Cir. 1994); Fed. R. Evid. 901(a). The court finds the AMF witnesses credible in their explanation of the search and seizure procedures as well as their process for verifying that the copies of documents produced by Plaintiff SEC matched the documents remaining in the AMF's files. Moreover, Amyot has introduced no more than speculation that these documents may have been altered.

Accordingly, the court finds that Plaintiff SEC has satisfied the requirement of authenticating the documents it seeks to introduce at trial as the documents seized during the AMF's search of 1400 Rue Bégin. For the foregoing reasons, Plaintiff SEC's Motion *in Limine* In Support of the Authenticity of Documents Produced by the Québec Autorité des Marchés Financiers [#136] is ALLOWED,

IT IS SO ORDERED.

November 6, 2014                    /s/ Indira Talwani
                                    United States District Judge

---

[1] The witnesses testified that the AMF catalogued each hardcopy document by printing a unique identifying number on it back and that each digitally imaged electronic document has a unique MD5 hashvalue.