UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-12334-IT |
| | * | |
| SPENCER PHARMACEUTICAL INC., et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

ORDER

November 7, 2014

TALWANI, D.J.

On October 27, 2014, Plaintiff Securities and Exchange Commission ("SEC") filed a

Motion *in Limine* to Preclude Evidence or Argument About Past or Future Adverse

Consequences [#134]. Plaintiff SEC argues that Defendant Jean-Francois Amyot ("Amyot")

should be precluded from offering any evidence or argument regarding (1) any negative effects

arising from the investigations of Plaintiff SEC and the Autorité des Marchés Financiers du

Québec into Amyot's alleged violations of law, and (2) any possible adverse consequences if

Amyot is found liable for violations of U.S. securities law. Plaintiff SEC argues that such

evidence is irrelevant and, even if its relevance could be established, would be unfairly

prejudicial.

To be admissible, evidence must be relevant. See Fed. R. Evid. 402. Relevant evidence

is evidence that "has any tendency to make a fact more or less probable than it would be without

the evidence" and that "is of consequence in determining the action." Id. Rule 401.

None of the statutory provisions under which Amyot is charged include an element related to either the effects of the investigations or the possible consequences of trial. See 15 U.S.C. § 77e(a), (c); id. § 77q(a)(1-3); id. § 78j(b); 17 C.F.R. § 240.10b-5(a-c). Accordingly, such evidence is irrelevant to a determination of Amyot's liability for the charges brought against him. See S.E.C. v. Moran, No. 95 CIV. 4472 (BN), 1995 WL 785953, at *1 (S.D.N.Y. Oct. 31, 1995) (excluding as irrelevant "evidence regarding hardship or loss which defendants suffered as a result of these charges being lodged of that might result from the court's verdict").

Moreover, if Amyot is found liable for any of the claims brought against him, it is the court—not the jury—that will determine the appropriate remedy, including the imposition of possible injunctive relief and the amount, if any, of civil penalties and disgorgement. See, e.g., Tull v. United States, 481 U.S. 412, 425-27 (1987) (holding that there is a right to a jury trial to determine liability for civil penalties, but not to determine "the amount of civil penalties"); S.E.C. v. Lipson, 278 F.3d 656, 662-63 (7th Cir. 2002) (collecting cases holding disgorgement in SEC cases to be an equitable remedy appropriate for a judge's determination).

Accordingly, evidence regarding Amyot's financial hardship or any possible consequences arising from a finding of liability may be relevant at the remedial phase of these proceedings. See, e.g., S.E.C. v. EagleEye Asset Mgmt., 975 F. Supp. 2d 151, 162 (D. Mass. 2013) (indicating that the court, after a jury trial on liability, considered the defendant's "present inability to pay and the impact . . . [of] a civil penalty" in crafting a remedy). This information, however, is not relevant to the completion of the jury's assigned task, which is limited to a determination of whether Amyot is liable for the claims charged. See, e.g., Shannon v. United States, 512 U.S. 573, 579 (1994) (holding, in the criminal context, that where the jury is tasked only with "find[ing] the facts" and "decid[ing] whether . . . the defendant is guilty of the crime

charged" . . . "[i]nformation regarding the consequences of a verdict is . . . irrelevant to the jury's task.").

For the foregoing reasons, Plaintiff SEC's <u>Motion *in Limine* to Preclude Evidence or Argument About Past or Future Adverse Consequences</u> [#134] is ALLOWED.

IT IS SO ORDERED.

November 7, 2014

<u>/s/ Indira Talwani          </u>
United States District Judge