UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>v.<br><br>SPENCER PHARMACEUTICAL INC., et al.,<br><br>       Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 12-cv-12334-IT<br>*<br>*<br>*<br>*<br>* |

ORDER

November 7, 2014

TALWANI, D.J.

Plaintiff Jean-Francois Amyot ("Amyot") filed a Motion *in Limine* to Exclude Evidence [#140]. Amyot's motion sets forth two grounds for the exclusion of evidence. First, Amyot seeks to exclude evidence seized by the Autorité des Marchés Financiers du Québec ("AMF") during their search of 1400 Rue Bégin, Montréal, Québec on the ground that this search violated the Fourth Amendment. Second, Amyot seeks to exclude deposition testimony from depositions taken in Canada on the ground that Plaintiff Security and Exchange Commission's ("SEC") employees lacked the proper visas and work permits to engage in professional activities in Canada. For the following reasons, Amyot's motion is hereby DENIED.

Amyot seeks an order from the court excluding Plaintiff SEC from introducing at trial evidence seized by the AMF pursuant to a search warrant issued by a Judge of the Québec Superior Court and later produced to Plaintiff SEC. Amyot argues that the scope of the AMF's search extended impermissibly beyond the documents described in the search warrant, in violation of the Fourth Amendment.

The Fourth Amendment's exclusionary rule does not generally apply to searches conducted by the officers of foreign sovereigns. See United States v. Janis, 428 U.S. 433, 456 n.31 (1976) ("It is well established . . .that the exclusionary rule, as a deterrent sanction, is not applicable where a . . . foreign government commits the offending act."); United States v. Hensel, 699 F.2d 18, 25 (1st Cir. 1983) ("[T]he 'exclusionary rule' does not require the suppression of evidence seized by foreign police agents, for the actions of an American court are unlikely to influence the conduct of foreign police.").

There are two exceptions to this rule: "(1) where the conduct of foreign police shocks the judicial conscience, or (2) where American agents participated in the foreign search, or the foreign officers acted as agents for their American counterparts." United States v. Valdivia, 680 F.3d 33, 51 (1st Cir. 2012) (citing United States v. Mitro, 880 F.2d 1480, 1482 (1st Cir. 1989)). However, neither exception applies here. As to the first, the search was conducted pursuant to a warrant, and Amyot acknowledged to the court on October 22, 2014, that a Canadian court had denied his challenge to the search's legality. Even if the legality of the search was questionable, there is no evidence of the sort of extreme deviation from law that would shock the conscience. As to the second, there is no indication or allegation that the AMF and Plaintiff SEC were engaged in a joint operation at the time of the search. Accordingly, suppression of the documents seized by the AMF during its search of 1400 Rue Bégin is not warranted.

Amyot also seeks to exclude introduction of deposition testimony on the ground that Plaintiff SEC took depositions in Canada without first obtaining appropriate work visas. On March 7, 2014, the court issued a letter rogatory to the Superior Court of Québec, Canada.[1] Thereafter, judges from the Montréal and Joliette districts of the Québec Superior Court issued

---

[1] See Request for International Judicial Assistance (Letter Rogatory) [#65].

judgments ordering the taking of depositions of relevant witnesses resident in Québec.[2] Accordingly, the depositions were taken with the agreement and cooperation of relevant Canadian courts. It is not apparent that Plaintiff SEC's employees required work permits to conduct the depositions in Québec.[3] Moreover, even if Plaintiff SEC lacked appropriate work permits, Amyot identifies no legal authority, and the court has found none, suggesting that the violation of a foreign sovereign's immigration law would affect the admissibility of deposition testimony before an American court.

For the foregoing reasons, the court DENIES Amyot's Motion in Limine to Exclude Evidence [#140].

IT IS SO ORDERED.

November 7, 2014                                        /s/ Indira Talwani
                                                        United States District Judge

---

[2] See Pl.s' Opp'n Def.s' Mot in Limine, Exs. A-B [#141].

[3] See Immigration & Refugee Protection Regulations, SOR/2002-227 (Can.), pt. 9, div. 3, § 186(a) (stating that business visitors do not require work permits), id. § 187(1-3) (defining business visitors as "a foreign national . . . who seeks to engage in international business activities in Canada without directly entering the Canadian labour market," which means that his or her "primary source of remuneration for business activities is outside Canada" and his or her "principal place of business and actual place of accrual of profits remain predominately outside Canada"); Québec Regulation Respecting the Selection of Foreign Nationals, div. IV, § 2, ¶53, available at http://www2.publicationsduquebec.gouv.qc.ca/dynamicSearch/telecharge.php?type=3&file=/I_0_2/I0_2R4_A.HTM (stating that "a foreign national who is staying temporarily in Québec to work for 30 days or less . . . is exempt from [the requirement of receiving a certificate of acceptance to work]").