UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * |
| Plaintiff, | * * |
| v. | *  Civil Action No. 12-cv-12334-IT  * |
| SPENCER PHARMACEUTICAL INC., et al., | * * * |
| Defendants. | * |

ORDER

November 7, 2014

TALWANI, D.J.

Plaintiff Securities and Exchange Commission ("SEC") filed a <u>Motion *in Limine* to Preclude Speculation About Alleged Misconduct by Non-Parties and Argument About Plaintiff's Decision to Sue Him</u> [#133]. This motion requests an order precluding Defendant Jean-Francois Amyot ("Amyot") from: (1) speculating, without a foundation of personal knowledge, that other non-parties engaged in misconduct relevant to this case; (2) arguing that Plaintiff SEC should have named those non-parties as defendants; and (3) referencing the fact that the Autorité des Marchés Financiers du Québec ("AMF") conducted a parallel investigation in this case and recently brought claims against him in Canadian court.

Plaintiff SEC correctly notes that pursuant to Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter" and that "[e]vidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. As Plaintiff SEC acknowledges, at this point "[i]t would be premature . . . to suggest that Amyot should be

precluded from offering any testimony . . . about . . . persons or entities" not party to this case.[1]
There is also no ground on which to assume that Amyot will seek to testify to matters regarding any non-parties' misconduct about which he lacks personal knowledge.  Accordingly, the motion to preclude Amyot from speculating that certain non-parties engaged in misconduct concerning Spencer is premature.

Plaintiff SEC also correctly notes that under Federal Rule of Evidence 401 and 402, only relevant evidence is admissible.  Id. Rule 401 (defining relevance); id. Rule 402 (requiring evidence to be relevant).  Amyot, however, has not indicated that he intends to present testimony regarding Plaintiff SEC's discretionary decision to charge only certain parties in this enforcement action.  Although Amyot previously filed a motion to compel joinder of twenty-six non-parties, the court denied that motion, and Amyot has not subsequently suggested that he intends to argue that Plaintiff SEC should have brought suit against any non-party identified therein.  Accordingly, the court finds that the motion to exclude such testimony is premature.

Plaintiff SEC further seeks an order precluding Amyot from testifying that it should not have initiated this enforcement action because the AMF was already investigating, and has now brought charges against, him in Canada.  Plaintiff SEC argues that testimony suggesting that Amyot should not have been subject to an enforcement action in the United States, would be irrelevant and, even if relevant, would be inadmissible as having a significant tendency to confuse or mislead the jury.  Id. Rule 401; Rule 403.  Amyot, however, has not indicated that he intends to introduce testimony regarding the AMF's investigation and filing of charges.  To the contrary, it is unlikely Amyot will seek to introduce such evidence, given that he stated in his

---

[1] Pl.s' Mot. Limine Preclude Speculation About Alleged Misconduct Non-Parties & Argument About Pl.s' Decision Sue Def., 3 [#133].

2

Motion *in Limine* to Exclude Evidence [#140] that the court should preclude Plaintiff SEC from introducing "any and all information as it concerns complaints filed by the AMF in Quebec courts against the defendant . . . as it causes an extreme prejudice."[2] Without some indication that Amyot will seek to introduce the testimony at trial, the motion to preclude that testimony is premature.

Given the parties' apparently similar interest in limiting discussion of the AMF's investigation and charges at trial, the court notes that further discussions regarding a joint stipulation on this matter may be appropriate. If no such stipulation is forthcoming, however, the court will permit testimony regarding the AMF's investigation at least insofar as required to inform the jury about the discovery and chain of custody of documents seized by the AMF and subsequently produced to Plaintiff SEC.

As described above, Plaintiff SEC's Motion *in Limine* to Preclude Speculation About Alleged Misconduct by Non-Parties and Argument About Plaintiff's Decision to Sue Him [#133] is DENIED without prejudice. Any evidence introduced by either party at trial must meet all admissibility criteria under the Federal Rules of Evidence. If either party seeks to introduce evidence at trial which the other party believes is inadmissible, the court will treat objections to its admittance at that time.

    IT IS SO ORDERED.

November 7, 2014                                                     /s/ Indira Talwani
                                                                                          United States District Judge

---

[2] Def.s' Mot. Limine Exclude Evidence, 11 [#140].