UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 12-cv-12334-IT |
| SPENCER PHARMACEUTICAL INC., et al., | * * * * | |
| Defendants. | * | |

ORDER

November 17, 2014

TALWANI, D.J.

On the eve of trial, Defendant Jean-Francois Amyot ("Amyot") has filed a <u>Motion Requesting a Stay of the Proceedings</u> [#163]. Amyot requests a stay to allow him to take depositions and reconsideration of the court's July 11, 2014 order denying his request for appointment of counsel. The motion is untimely and without merit and is DENIED.

I. <u>Background</u>

   A. *The Complaint and Initial Proceedings*

Plaintiff Securities and Exchange Commission ("SEC") commenced this civil enforcement action in December 2012. <u>See</u> Compl. It named as defendants: Spencer Pharmaceutical, Inc.; IAB Media, Inc. ("IAB Media"); Hilbroy Advisory, Inc. ("Hilbroy"); Maximilien Arella ("Arella"); Ian Morrice ("Morrice"); and Amyot.[1] <u>See id.</u> ¶¶ 10-15. On April

---

[1] All defendants except Amyot have either entered into consent judgments or been defaulted by the court. <u>See</u> Notice Default [#92]; Order [#109]; Order [#110]; Notice Default [#119].

30, 2013, the court set the case on the running trial list as of May 2014.  See Electronic Clerk's Notes [#12].

  B.  *Proceedings While Amyot Was Represented by Counsel*

    1.  *Responsive Pleadings*

In May 2013, counsel appeared for Amyot and Defendants Hilbroy and IAB Media and moved to dismiss the complaint.  See Notice Appearance [#14]; Def.'s Mot. Dismiss Lack Jurisdiction [#18]; Def.'s Mot. Dismiss Based Forum Non Conveniens [#20]; Def.'s Mot. Dismiss Failure State Claim [#22].  The motions to dismiss were denied[2] on July 15, 2013.  See Electronic Clerk's Notes [#47].  On September 6, 2013, six weeks after his answer was originally due, Amyot answered the complaint.  See Def.'s Answer [#48].

    2.  *Written Discovery, Letters Rogatory, Deposition Scheduling and Sanctions*

Plaintiff SEC served document requests on September 9, 2013.  See Pl.'s Mem. Supp. Mot. Compel Production Documents & Issue Sanctions, Ex. 3, pp. 2-3 [#69] [hereinafter Pl.s' Mem. Compel].  In an October 17, 2013 letter, Plaintiff SEC requested that Defendants provide a response to Plaintiff SEC's document request by not later than October 21, 2013.  See id. at Ex. 3, p. 7.  On November 5, 2014, Amyot's counsel responded that Defendants had no responsive documents in their custody or control because all such documents had been seized by Québec's securities regulator, the Québec Autorité des Marchés Financiers ("AMF").  See id. at Ex. 3, pp. 9-10.  Amyot finally responded to Plaintiff SEC's document request on November 12, 2013.  See id. at Ex. 3, pp. 12-13; id. at Ex. 4.  Although this response purported on its cover page to be from Amyot, each request was answered only in the name of IAB Media.  See id. at Ex. 4.

---

[2] The court's denial of the motions to dismiss for lack of personal jurisdiction and failure to state a claim was without prejudice.  See Electronic Clerk's Notes [#47].

On January 21, 2014, the parties, through counsel, filed a joint motion to modify the case schedule. See Joint Mot. Modify Case Schedule. The parties requested that the case schedule be extended for five months to allow the parties sufficient time to continue to conduct discovery. See id. at 1. As cause for this extension, the parties explained that they were "engaged in discussions about the protocol that will apply to depositions . . . the vast majority of which will take place abroad" and that they had "been moving forward with the steps necessary to take depositions in foreign jurisdictions, such as the preparation of letters rogatory addressed to courts in Canada," but that the process "has been time-intensive." Id. at 4. On February 7, 2014, the court allowed the joint motion (thereby extending the trial date to October 2014), but specifically noted that "[t]here shall be no further continuances." See Electronic Order [#54].

In February and March 2014, Plaintiff SEC submitted unopposed motions for issuance of letters rogatory to Canada "to obtain evidence necessary for the prosecution and trial of this case," including discovery from ten individuals located in Canada. See Mot. Issuance Letters Rogatory [#56]; Second Mot. Issuance Letters Rogatory [#59]; Third Mot. Issuance Letters Rogatory [#62]. Plaintiff SEC explained that it sought the deposition testimony of witnesses resident in Canada in part because that testimony was "necessary for the trial of this case and . . . not otherwise obtainable by this Court at trial through this Court's compulsory process." See Third Mot. Issuance Letters Rogatory. On March 7, 2014, the court issued letters rogatory to the Provinces of Nova Scotia and Québec, Canada. See Letter Rogatory [#65]; Letter Rogatory [#66]. Despite being afforded the additional time to conduct foreign discovery and despite being represented by counsel, Amyot did not seek letters rogatory.

On March 7, 2014, Plaintiff SEC served on Amyot its Second Requests for the Production of Documents. See Pl.'s Mem. Compel at 1. On May 7, 2014, Plaintiff SEC filed its

3

motion to compel the production of documents and to issue sanctions. See Pl.s' Mot. Compel Produc. Docs. & Issue Sanctions [#68]. Plaintiff SEC explained that the bulk of depositions were set to take place in late May and June 2014, that Amyot's responses to Plaintiff SEC's second document requests were more than four weeks overdue, that Amyot had not produced a single responsive document, and that Amyot's counsel verbally reported that "he is still trying to work with his clients to determine whether responsive documents exist," without giving any reason for why the search had taken so long. See Pl.'s Mem. Compel at 1. Amyot filed no opposition. On May 29, 2014, the court allowed the motion to compel and for sanctions, ordering that no later-produced documents could be introduced at trial. See Electronic Order [#71].

### 3.    *Withdrawal of Counsel*

On June 2, 2014, shortly after the sanctions order issued, counsel for Amyot, Hilbroy and IAB Media moved for leave to withdraw. See Assented Mot. Withdraw Att'y [#72]. The motion stated that Amyot and the corporate Defendants (collectively referred to by counsel as "the Amyot Defendants") were behind in the payment of their legal fees and were "in the early stages of preparing to file for bankruptcy," such that their future ability to pay fees was unlikely. See Mem. Supp. Assented Mot. Withdraw Att'y, 4 [#73]. Counsel represented that "[t]he Amyot Defendants understand the entire situation . . . and have requested that Defendants' Counsel withdraw" "so as to stop incurring fees while they prepare for bankruptcy." Id. at 2-4 (emphasis added). Counsel requested a brief, 14-day stay to allow the Amyot Defendants to retain new counsel, but made no request that scheduled depositions be postponed. See id. at 5. Amyot's counsel did not attend the June 2, 2014 deposition. See Pl.'s Notice Dep., Interrog., & Req. Admis. Designations, Ex. A [#144] [hereinafter Pl.s' Designations].

4

On June 3, 2014, the court allowed the motion to withdraw but denied the two-week stay. See Electronic Order [#75]. Despite the representation concerning possible bankruptcy, no further mention of any bankruptcy filings has been brought to the court's attention.

 C. *Proceedings Since Amyot's Counsel Was Granted Leave to Withdraw*

  1. *Depositions, Amyot's Request for Counsel, and SEC's Request for Default Judgment*

Plaintiff SEC deposed additional witnesses on June 4 and 5, 2014, and Amyot attended both depositions. See Pl.'s Designations at Exs. B-C.

On June 16, 2014, the court reminded the parties that IAB Media and Hilbroy, as corporations, could not appear pro se. See Order [#79]. The court directed these defendants to appear through counsel by July 14, 2014. See id.

Two days before the scheduled depositions of the three individual Defendants (Amyot, Arella and Morrice) noticed a month before, see, e.g., Notice Dep [#89-2], Amyot sought to have the depositions "postponed until such time as Hilbroy Advisory Inc. and IAB Media have found suitable representation." See Emergency Mot. Status Conference, Ex. B, p. 2. The court denied the request, noting that the parties could "claim no surprise" since the requirement that corporate defendants could not appear pro se had been clearly identified by the court as early as April 30, 2013. See Order [#83]; see also Electronic Clerk's Notes [#12].

The following day—the eve of his scheduled deposition—Amyot advised Plaintiff SEC's counsel that due to pending proceedings in Canada and concerns about possible self-incrimination, he would not appear for his deposition the following morning unless he, IAB Media, and Hilbroy were provided with counsel. See Notice Regarding Def.'s Mot. Requesting Appointment Counsel, Ex. 3, p. 2 [#84]. On the morning of his scheduled deposition, Amyot filed a motion requesting appointment of counsel for himself and the two corporate defendants.

5

See Mot. Requesting Appointment Counsel [#85]. Amyot did not attend his scheduled deposition, and he did not attend the depositions of defendants Morrice and Arella, which were held on June 26 and June 27, respectively.

Amyot's motion stated that "[a]fter consulting with Canadian counsel, I am no longer prepared to represent myself Pro Se in these civil proceedings." Id. at 1. The request asserted, on behalf of Amyot, IAB Media, and Hilbroy, that "we are unable to pay the costs of said proceeding" and unable to litigate the case based on its complexity. Id. On July 11, 2014, the court denied the motion seeking representation for the three defendants. As to Amyot, the court explained that "proof of indigence is a threshold requirement" to sustain a request for pro se civil counsel, and that Amyot had "failed to provide information . . . regarding his alleged indigence." See Order, 2 [#87]. The court noted further that Amyot had offered no statement as to the merits of the case, which is one of the factors worthy of consideration in determining whether a request for civil pro se counsel is warranted. See id.

On July 15, 2014, Plaintiff SEC moved for default judgment based on Amyot's failure to appear at his noticed deposition. See Pl.'s Mot. Entry Default J. [#88]. The court denied the motion without prejudice, explaining that:

> [a]lthough the court would be acting well within its discretion to enter default judgment at this time, in a final effort to allow a resolution of this case on the merits, the SEC shall renotice Amyot's deposition for a date within twenty-eight days of this order. Amyot is hereby ordered to appear for his deposition at said date.

See Mem. & Order Pl.'s Mot. Entry Default J. Against Def. Amyot, 1 [#89]. Amyot was deposed on September 4, 2014. See Pl.'s Designations at Ex. E. Additional depositions of witnesses Hussain Al-Awaid, Rami Ailabouni, Sylvain Amyot, and Diane Dalmy took place between August 27 through October 27, 2014. Id. at Exs. D, F-H. Amyot appeared at all of

these depositions save Diane Dalmy's, for which he emailed Plaintiff SEC's counsel after the deposition began to inform them he could not attend. See id.

On September 10, 2014, Plaintiff SEC moved, with Amyot's assent, to postpone the trial until November 17, 2014, in order to complete depositions in advance of trial. See Assented Mot. Order. Adjourning Trial [#103]. The court allowed the motion. See Electronic Order [#104].

2.    *Pretrial Preparations and the Instant Motion*

The court ordered numerous pretrial filings, see Procedural Order Re: Pretrial/Trial [#112], which Plaintiff SEC complied with in full and Amyot complied with in part.[3] The court held a pretrial conference on October 22, 2014, an evidentiary hearing on November 5, 2014, and a final pre-trial conference on November 12, 2014.[4] On Friday November 14, 2014, two days after the final pretrial conference, Amyot filed the instant motion to stay the trial, scheduled to begin on November 17, 2014, "until such time as the defendant can obtain the deposition of witnesses located in Canada in order to present a defense as well as allow the court to re-evaluate its order denying appointment of counsel." Def.'s Mot. Requesting Stay Proceedings, 1 [#163].

---

[3] See, e.g. Joint Pretrial Mem. [#122]; Pl.'s Disclosure Pursuant Rule 26 [#131]; Def.'s Disclosure Pursuant Rule 26 [#139]; Stipulation Facts [#142]; Pl.'s Witness List [#143]; Pl.'s Notice Dep., Interrog., & Req. Admis. Designations [#144]; Joint Trial Exs. [#145]; Pl.'s Proposed Jury Questions [#146]; Pl.'s Proposed Jury Instructions [#147]; Pl.'s Proposed Jury Verdict [#148]; Pl.'s Notice Proposed Succinct & Neutral Statement Jury Empanelment [#149]; Pl.'s Notice Estimate Probable Trial Length [#150]; Pl.'s Trial Br. [#158].

[4] On November 11, 2014, the day before the final pretrial conference and a federal holiday for which the court was closed, Amyot motioned to attend the conference telephonically. See Def.'s Mot. Requesting Appear Before Court Telephone Pre-Trial Conference [#160]. Given Amyot's claim that driving to Boston from his residence in Canada takes two days, the untimely filing of this motion created a strong likelihood that Amyot would fail to appear if the motion was denied, which would have warranted an entry of default. See Fed. R. Civ. P. 16(f)(c), 37(b)(2)(A)(ii). In a further effort to ensure the case could be decided on the merits, the court allowed Amyot to appear telephonically. See Order [#161].

II.   Discussion

   *A.   The Motion is Untimely*

Amyot seeks to stay the trial of this action, take depositions of witnesses outside of the United States, and reconsider the court's July 11, 2014 order denying the appointment of counsel. The motion is untimely as to each of these matters.

First, the motion seeking to delay trial was filed on the business day prior to the commencement of the trial. At this juncture, Plaintiff SEC and the court have undertaken substantial efforts in connection with the pending trial date. The motion would therefore cause undue burden on both Plaintiff SEC and the court. Notably, Amyot has offered no new circumstances that could possibly excuse the last minute request.

 Second, the time to initiate foreign depositions occurred while Amyot was represented by counsel and is long past. In January 2014, the parties filed a joint motion to extend the trial schedule to allow the parties to conduct discovery, including foreign depositions. See Joint Mot. Modify Case Schedule. The court allowed the motion, but specifically noted that "there shall be no further continuances." See Electronic Order [#54]. In February 2014, Plaintiff SEC submitted motions for issuance of letters rogatory to Canada "to obtain evidence necessary for the prosecution and trial of this case," and in March, these motions were allowed. See, e.g., Third Mot. Issuance Letter Rogatory at 1. Amyot, then still represented by counsel, made no such timely effort to initiate foreign depositions for trial or otherwise. No further extensions of time are warranted.

Finally, the court's order denying appointment of counsel as to which Amyot seeks reconsideration was filed on July 11, 2014—six weeks before the start of the final round of

depositions. Amyot has offered no explanation or excuse for waiting four months—until after all depositions and pretrial preparation had been completed—before seeking reconsideration.

Accordingly, Amyot's motion is untimely.

B.     *Amyot's Request for Relief is Unwarranted*

Even if the motion was not untimely, it still fails to support the relief requested.

Amyot asserts that he now wants to depose "witnesses located in Canada in order to present a defense." See Mem. Law Supp. Def.'s Mot. Requesting Stay Proceedings [#164] [hereinafter Def.'s Mem.]. Even at this late date Amyot does not identify which witnesses he seeks to depose, what information those witnesses are believed to have, or how their testimony could help him present a defense. On this record, Amyot has offered no basis for allowing additional discovery.

Amyot similarly has failed to provide information to support a request for counsel. As Amyot notes, the court explained in its July 11, 2014, order that Amyot had not provided detailed information regarding his indigence and had included no statement as to the merits of the case. See id.; see also Order [#87]. Rather than presenting the information with his motion, Amyot charges that because he is pro se the court "had the responsibility of requesting the missing information prior to issuing its order." Def.'s Mem. ¶ 2.

The court's order did not close the case, however, and Amyot could just as well have sought reconsideration right after the order issued, rather than four months later. In any case, despite now making the request that the court reconsider its prior order, Amyot still has made no effort to supply the missing information regarding his purported indigence.

Amyot's claim of entitlement may stem from a misunderstanding of the court's ability to furnish litigants with counsel. First, a showing that a litigant is financially unable to obtain

adequate representation is a threshold requirement of any request for counsel. Here, while Amyot has asserted that he is unable to pay for an attorney, the record before the court still does not include any details to support this assertion.

Second, district courts are required to furnish representation to persons financially unable to obtain adequate representation <u>only as to certain matters</u>. See 18 U.S.C. § 3006A. A civil enforcement proceeding by Plaintiff SEC <u>does not fall within the matters identified in this statute</u>. Accordingly, even if Amyot is financially eligible, the court cannot appoint paid counsel to represent Amyot in this civil enforcement proceeding.

Instead, under 28 U.S.C. § 1915(e)(1), the court "may request" attorneys to volunteer their time to represent a financially eligible person in exceptional circumstances. Accordingly, even if Amyot had established that he was financially eligible, the court would still need to find that this case was exceptional before requesting a volunteer lawyer. To determine whether there are exceptional circumstances sufficient to warrant a request for volunteer counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

Here, Amyot was represented by counsel during the first fourteen months of litigation, and counsel fully briefed numerous legal issues. Amyot was also represented by counsel during written discovery and during the time in which he should have undertaken the initial steps needed for obtaining foreign discovery if such foreign discovery could assist his case. As to the remaining factual disputes now at issue at trial, Amyot has offered nothing as to the merits of his position or the complexity of those facts. Without such a showing, the case simply does not rise

10

to the "exceptional circumstance" where the court would request a volunteer attorney to provide Amyot with legal representation he now wants.

III.     Conclusion

For the foregoing reasons, the court DENIES Amyot's <u>Motion Requesting a Stay of the Proceedings</u> [#163].

IT IS SO ORDERED.

November 17, 2014                                                         /s/ Indira Talwani
                                                                          United States District Judge