UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | *<br>*<br>* |
| Plaintiff, | *<br>* |
| v. | *    Civil Action No. 12-cv-12334-IT<br>* |
| SPENCER PHARMACEUTICAL INC., et al., | *<br>*<br>* |
| Defendants. | * |

ORDER ON ADMISSABILITY OF TRIAL EXHIBITS

November 17, 2014

TALWANI, D.J.

     Defendant Jean-Francois Amyot ("Amyot") objects to the introduction of trial exhibit #141, which Plaintiff Securities and Exchange Commission ("SEC") states is a screenshot of the English version of a website taken on May 23, 2014. Plaintiff SEC marked the exhibit during Amyot's deposition, and now seeks to introduce it at trial. Plaintiff SEC used the exhibit—which shows a logo on the top left corner—to question Amyot during his deposition about the use of the same logo on an allegedly falsified letter relevant to Amyot's alleged violation of U.S. securities law that was sent in 2010. Amyot also objects to the introduction of trial exhibit #323, which Plaintiff SEC states is a Russian version of the same website.

     Plaintiff SEC's use of the exhibits does not implicate any question of hearsay because the documents' contents are not introduced for the truth of the any matter asserted and, moreover, the appearance of the logo is not an assertion. See Fed. Rule Evid. 801(a), (c)(2) (applying rules on hearsay to statements introduced to prove the truth of the matter asserted); Perfect 10, Inc. v. Cybernet Ventures, Inc., 213 F. Supp. 2d 1146, 1155 (C.D. Cal. 2002) ("To the extent . . . images

and text are being introduced to show the images and text found on the websites, they are not statements at all—and thus fall outside the ambit of the hearsay rule.").

Although the exhibits would be admissible as non-hearsay, a screenshot of a website dated May 23, 2014, has no "tendency to make" it "more or less probable" that the logo used on the allegedly falsified letter was taken from this website four years earlier. See Fed. R. Evid. 401 (defining relevance). Accordingly, the court determines that Exhibits #141 and #323 are inadmissible. See Fed. R. Evid. 402 (evidence must be relevant to be admissible).

IT IS SO ORDERED.

November 17, 2014 /s/ Indira Talwani
United States District Judge