UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:12-cv-12334-IT |
| SPENCER PHARMACEUTICAL INC., *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

### [~~PROPOSED~~] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS JEAN-FRANÇOIS AMYOT, HILBROY ADVISORY INC., AND IAB MEDIA INC.

Plaintiff Securities and Exchange Commission (the "Commission") having filed a Complaint on December 17, 2012; the Court having entered defaults against defendant Jean-François Amyot ("Amyot"), Hilbroy Advisory Inc. ("Hilbroy"), and IAB Media Inc. ("IAB Media") pursuant to Rule 37 of the Federal Rules of Civil Procedure; and the Court having determined that none of Amyot, Hilbroy, or IAB Media are infants or incompetent persons or in in the military service of the United States:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Amyot, Hilbroy, and IAB Media and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by the use of any means


or instruments of transportation or communication in interstate commerce or by use of the mails, in the offer or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain any money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Amyot, Hilbroy, and IAB Media and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Amyot and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], Amyot is prohibited from acting as an officer or director of any issuer that

has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(g)(1) of the Securities Act [15 U.S.C. §77t(g)(1)] and Section 21(d)(6)(A) of the Exchange Act [15 U.S.C. §78u(d)(6)(A)], Amyot is permanently barred from participating in an offering of any penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 promulgated under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

(a) Amyot, Hilbroy, and IAB Media are jointly and severally liable for disgorgement of $3,055,890.80, representing profits gained as a result of the misconduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $371,130.20, for a total amount of $3,427,021.00;

(b) Amyot is solely liable for additional disgorgement of $2,186,743.87, representing profits gained as a result of the misconduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $265,574.51, for a total amount of $2,452,318.38;

(c) Amyot is liable for a civil penalty in the amount of $ ~~750,000~~ 750,000.00 [handwritten] pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. §77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)];

4

(d) Hilbroy is liable for a civil penalty in the amount of $150,000.00 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. §77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]; and

(e) IAB Media is liable for a civil penalty in the amount of $150,000.00 pursuant to Section 20(d)(2) of the Securities Act [15 U.S.C. §77t(d)(2)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

Amyot, Hilbroy, and IAB Media shall satisfy these obligations by making payments within 14 days after entry of this Final Judgment.

Amyot, Hilbroy, and IAB Media may transmit payments electronically to the Commission, which shall provide detailed ACH transfer/Fedwire instructions upon request. They may also make payments directly from a bank account through the SEC website at http://www.sec.gov/about/offices/ofm.htm. They may also make payments by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and their name as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Amyot, Hilbroy, and IAB Media shall simultaneously transmit photocopies of evidence of payments and case identifying information to the Commission's counsel in this action. By making their payments, Amyot, Hilbroy, and IAB Media relinquish all legal and equitable right, title, and

interest in such funds and no part of the funds shall be returned to him. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Amyot, Hilbroy, and IAB Media shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Amyot, Hilbroy, and IAB Media as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2015

6